NEW ROCHELLE TRUST COMPANY, as Administrator de Bonis Non, etc., of PIETRO CARTAINO SCIARRINO (Also Known as C. S. PIETRO), Appellant, v. MARGARET BAKER, Respondent.— Judgment and order appealed from reversed upon the law, and a new trial granted, with costs to abide the event, upon authority of *New Rochelle Trust Company* v. *Baker* (200 App. Div. 911). Upon the retrial of the action, following the previous reversal, the objectionable evidence erroneously received at the first trial was again presented by the defendant, and admitted over the objection of the plaintiff. This, we think, was clearly erroneous, and compels a reversal of the judgment and the allowance of a new trial. Kelly, P. J., Jaycox, Manning and Kelby, JJ., concur; Kelly, P. J., and Manning, J., vote to reverse upon the further ground that the verdict is against the evidence; Kapper, J., dissents and votes to affirm for the following reasons: Defendant's letters, offered by plaintiff, were received to show a contract of hiring. If not, they subserved no purpose. But that they were, to some extent, the basis of the cause of action sued upon, seems to me to have been made clear by the course of the trial. When defendant's counsel objected to the letters as having nothing to do with the issues " unless they claim that this letter is the basis of the cause of action on which they sue," the court replied: " It may be one of them." Plaintiff's counsel said nothing to this ruling, and so, I think, we have the law of the case that the letters furnished some " basis of the cause of action." Then, when the defendant started in to testify regarding her agreement with the testator, and

upon objection by plaintiff's counsel that the testimony called for "a transaction and communication," the court said: "I am admitting this only upon the statement of Mr. Ritchie that he has urged upon the court that there was a request and promise to pay as evidenced by the letters already read in evidence." Plaintiff's counsel did not then, nor at any time, indicate that such was not his statement or his contention, and it seems to me that again the law of the case was stated, to the effect that the letters were admitted upon the claim of plaintiff's counsel that they evidenced "a request and promise to pay." In my opinion the letters were received as consistent with a claim of hiring, and upon their admission, defendant was entitled to testify to the terms of the hiring. Hence, I think there was no error in the rulings.